# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 13, 2010 Session

## RODNEY M. BUTLER v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Madison County
### No. C09-144     Donald H. Allen, Judge

---

### No. W2009-02183-CCA-R3-PC  - Filed March 28, 2011

---

Petitioner, Rodney M. Butler, appeals *pro se* after the Madison County Circuit Court summarily dismissed his post-conviction petition seeking relief from his guilty plea to driving under the influence, fourth offense, a Class E felony, for which he received a three-year sentence with a 35 percent release eligibility. We conclude that Petitioner should have been afforded an evidentiary hearing, and for the reasons stated herein, we reverse the judgment of the post-conviction court and remand this matter for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Circuit Court Reversed and Remanded

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Rodney M. Butler, Jackson, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. (Al) Earls, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

The record before us is sparse at best. Not included in the record on appeal are the judgment of conviction, a transcript from the guilty plea hearing, or a transcript from proceedings in the post-conviction court, at which the court apparently heard legal arguments, but no evidence, on August 17, 2009. What is included in the record are Petitioner's *pro se* petition for post-conviction relief, the State's response and motion to

dismiss, Petitioner's motion for the post-conviction court's recusal, Petitioner's motion for discovery and production of documents related to his 1992 and 1993 DUI convictions, the written order denying post-conviction relief, and an affidavit from the clerk of the trial court stating that the documents related to Petitioner's 1992 and 1993 convictions as well as other requested documents had not been filed with the clerk's office.

The State contends that Petitioner has waived the issues on appeal because he has failed to provide a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). We disagree. However sparse, we are able to discern from the record what occurred at the trial court level.

According to the *pro se* post-conviction petition and the trial court's "preliminary order" dismissing the petition, Petitioner pled guilty on May 15, 2008, to the offense which is the subject of the post-conviction proceedings. Both documents indicate that Petitioner was represented by counsel at the time he pled guilty. On May 15, 2009, Petitioner filed his *pro se* petition for post-conviction relief. Six days later, on May 21, 2009, an Assistant District Attorney filed a pleading designated as "State's Response and Motion to Dismiss." Generally, the State's response denied that Petitioner was entitled to relief, but the response failed to list any specific factual ground for the trial court to dismiss the petition without an evidentiary hearing. In part, the State asserted that,

> The State denies the allegations of the petition and demands strict proof thereof.
>
> The State will rely upon waiver and previous determination of the issues. T.C.A. § 40-30-102 *et. seq*.
>
> The State will rely upon all applicable statutes of limitations. T.C.A. § 40-30-102 *et. seq*.

Later in its response, the State asserted that it "objects to the broad generalizations of deficient performance. The petitioner is sand bagging in an attempt to obtain a trial by ambush. The petitioner has not made any assertion of fact to support his claims."

While the *pro se* petition is typewritten, the spacing, or lack thereof, of letters and words throughout the document presents a slight challenge in reading it. However, the properly sworn petition states that the proceedings concern a DUI conviction in Madison County Circuit Court in case no. 08-16 on May 15, 2008. It alleges Petitioner received a sentence of three years, clearly implying the conviction was for felony DUI. The petition

states that Petitioner was represented in the felony DUI proceedings by an assistant public defender for the 26th Judicial District.

Within the petition, it is specifically alleged that "Petitioner believes that he was denied effective assistance of counsel. . . ." Although scattered throughout the petition, and arguably not presented with the best organizational skills, Petitioner alleges various failures by his attorney that can be generally categorized as follows:

> (a) Counsel did nothing to prepare a sufficient defense prior to the negotiated plea agreement;
>
> (b) Counsel implicitly failed to file and present pretrial motions requested by Petitioner, and failed to investigate facts that could have negated or greatly mitigated Petitioner's culpability;
>
> (c) Counsel refused to present a constitutional challenge to the State's use of Petitioner's prior DUI convictions;

Petitioner also asserts constitutional grounds for relief which are independent of allegations of ineffective assistance of counsel. Petitioner furthermore asserts facts in support of his argument that these grounds are not waived or previously determined pursuant to Tennessee Code Annotated section 40-30-106. Petitioner also filed a motion for discovery from the State and for Judge Donald Allen to recuse himself. On September 1, 2009, the trial court clerk filed an order of the post-conviction court, Judge Allen, designated "Preliminary Order (No Colorable Claim)." Apparently legal arguments, but no evidence, were heard in court on August 17, 2009. The entire body of the order is as follows:

**PRELIMINARY ORDER**

(NO COLORABLE CLAIM)

> After examination of the petitioner's "Post Conviction Petition for Relief from Sentence or Conviction," filed May 15, 2009, and after examination of the State's response to such Motion filed May 21, 2009, and after examination of the files, records, transcripts, and correspondence relating to the judgment under attack, and after arguments heard in this matter on August 17[th], 2009, this court finds as follows:

(1)     the petitioner's "Motion for Recusal" is denied, based upon his arguments that he has "no problem" with this Judge hearing this matter.

(2)     The petitioner's "Motion for Discovery and Production" is granted, and agreed to by the State.

(3)     The Petition shall be dismissed for failure to assert a colorable claim based on the following findings of fact and conclusions of law:

    (a)     The petition fails to include allegations of facts to support his claim of ineffective assistance of counsel.

    (b)     The Court has previously ruled that the petitioner's guilty plea in this case was "freely, voluntarily, knowingly and intelligently entered," on May 15th, 2008, and that the defendant stated under oath at the time of his guilty plea that he was "satisfied" with his attorney's representation.

    (c)     The petition raises an issue that has been previously determined by this Court or has previously been waived.

    (d)     The petition fails to include allegations of facts that the petitioner was prejudice[d]

by defense counsel's performance.

As to the post-conviction court's four reasons for summarily dismissing the petition without an evidentiary hearing, we have set forth above what we conclude are at least minimally sufficient factual allegations of ineffective assistance of counsel in order to avoid summary dismissal. The trial court did not specify the issue "that has been previously determined by this Court or has previously been waived," therefore, that is not a valid reason for summary dismissal. Apparently, the post-conviction court accepted Petitioner's guilty plea, and in that proceeding determined the plea was freely, voluntarily, knowingly, and intelligently entered. While this determination at the time of the guilty plea is required in order to accept the plea, *see* Tenn. R. Crim. P. 11(b); *see also Lane v. State*, 316 S.W.3d 555 (Tenn. 2010), that alone has never been grounds to conclusively determine that a post-conviction petition must be summarily dismissed. Also, Petitioner's statement under oath at the guilty plea hearing that he was "satisfied" with his attorney's representation, while perhaps compelling evidence contrary to testimony of deficient representation in a post-conviction hearing, does not equate to a legal determination that counsel rendered constitutionally effective assistance of counsel. At the time of a guilty plea, a defendant who knows not better, might be "satisfied" with his or her counsel's representation, and later discover that the representation was constitutionally ineffective.

As to the final reason given by the post-conviction court, Rule 28, § 5(E)(3) of the Rules of the Supreme Court of Tennessee, provides that each petition for post-conviction relief must contain "each and every error that Petitioner asserts as a ground for relief, including a description of how petitioner was prejudiced by the error(s)." Petitioner alleges in his petition that the offense for which he was convicted should have not been more serious than a misdemeanor, rather than the felony to which he pled guilty. Again, at a minimum, this is sufficient to satisfy Rule 28, § 5(E)(3).

Rule 28 §5(D) of the Rules of the Supreme Court of Tennessee states in part that "[t]he petition for post-conviction relief shall be substantially in the form set forth in the appendix [to Rule 28]." The appendix provides that the form "shall be available . . . to any potential petitioner in the office of the clerk of court for any court of record with criminal jurisdiction." Tenn. S.Ct. R.28, Appendix A. Upon remand, Petitioner should be given the opportunity allowed by statute to file an amended petition that is in the form set forth in the appendix to Rule 28. *See* Tenn. Code Ann. § 40-30-107.

Based upon our analysis, we conclude that the judgment of the post-conviction court summarily dismissing the petition should be reversed, and that this case must be remanded for further proceedings consistent with this opinion, including an evidentiary hearing.

**CONCLUSION**

We reverse the post-conviction-conviction court's order dismissing the petition, and remand this matter for appointment of counsel if required, an opportunity to amend the petition by filing it in the proper form, and for other proceedings, including an evidentiary hearing, as required by law.

_____
THOMAS T. WOODALL, JUDGE